# In the United States Court of Federal Claims

No. 19-922C
(Filed: July 1, 2019)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

JONATHAN BEST,

         *Plaintiff*,

v.

THE UNITED STATES,

         *Defendant*.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Plaintiff filed his complaint on June 24, 2019, alleging that he has been improperly imprisoned due to a conviction by a Colorado state court.[1] He references various unlawful acts by state officials and other people but does not name the United States, or anyone else, as a defendant. Plaintiff seeks an award of $2.5 million.

This court has jurisdiction over claims "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). Put simply, this court hears cases seeking money from the United States that are not tort claims. Plaintiff must identify some substantive source of law, regulation, or contract that mandates he be paid money by the United States. *See Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). The court must satisfy itself of its jurisdiction and, if jurisdiction is lacking, dismiss the case. RCFC 12(h)(3).

---

[1] Plaintiff has neither paid the filing fee nor filed a motion for leave to proceed *in forma pauperis*. His filing fee remains due.

It is apparent from the face of plaintiff's complaint that this court lacks jurisdiction over his claims. The complaint does not mention anyone acting in an official capacity on behalf of the United States. He appears to challenge a Colorado state court decision, but this court does not have such appellate jurisdiction. Plaintiff also references various criminal acts such as kidnapping, false imprisonment, and theft. We do not have jurisdiction to adjudicate criminal claims. To the extent Mr. Best is alleging a civil rights violation by referencing 42 U.S.C. § 1983 (2012), this court also lacks jurisdiction over such a claim. *Elkins v. United States*, 229 Ct. Cl. 607, 608 (1981). Plaintiff did not identify any other Constitutional provision, statute, regulation, or contract that directs the United States to pay him money.

Because plaintiff has failed to show that the court has jurisdiction over his claims, his complaint must be dismissed. Accordingly, the Clerk of Court is directed to dismiss the complaint for lack of jurisdiction and enter judgment accordingly. No costs.

Eric G. Bruggink
Senior Judge